EDWARD C. HOOKS, EMPLOYEE, PLAINTIFF v. EASTWAY MILLS, INC. & AFFILIATES, EMPLOYER, FIREMAN'S FUND INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 345A85

(Filed 5 November 1985)

**Master and Servant § 93— workers' compensation—reasonableness of refusal to submit to tests—remand for findings**

A workers' compensation proceeding is remanded for a determination of whether the circumstances justified plaintiff's refusal to submit to certain diagnostic tests suggested by a doctor designated by defendant employer. G.S. 97-27(a).

APPEAL by the plaintiff pursuant to N.C.G.S. § 7A-30(2) from an opinion of a divided panel of the Court of Appeals reported at 74 N.C. App. 432, 328 S.E. 2d 602 (1985) affirming a decision of the North Carolina Industrial Commission.

*W. David McSheehan for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Martha W. Surles, Gregory C. York and Mel J. Garofalo, for defendants-appellees.*

PER CURIAM.

Plaintiff sustained an injury by accident arising out of his employment as a warehouse manager for Eastway Mills, Inc. & Affiliates on 16 December 1980, resulting in pain in his back and right leg. The plaintiff was treated by Dr. Joseph John King, an orthopedic surgeon in Monroe, North Carolina who diagnosed the plaintiff's condition as sciatica.

The plaintiff made an application for compensation pursuant to the North Carolina Workers' Compensation Act, N.C.G.S. Chapter 97.

According to findings of fact by Morgan R. Scott, Deputy Commissioner, which were adopted by the Full Commission:

At defendants' request plaintiff was examined by Dr. Caughran in Charlotte on August 27, 1981. Dr. Caughran recommended that plaintiff be admitted to the hospital for diagnostic tests including a myelogram. Plaintiff agreed to

the tests when the doctor spoke with him, but on the following day he saw Dr. King who indicated that the tests were not necessary at the time. Plaintiff then decided against having Dr. Caughran perform the tests because his doctor did not recommend them and because he preferred for his doctor to perform them since he did not know Dr. Caughran.

Subsequently, upon Dr. King's recommendation, the plaintiff did have the tests performed and provided the test results to Dr. Caughran. As a result, the plaintiff was diagnosed as having a herniated lumbar disc at the L4-5 interspace and was given a rating of 15% permanent partial disability of the back.

A majority of the Court of Appeals panel held that the plaintiff was not entitled to compensation for the period 27 August 1981, when he refused the tests recommended by Dr. Caughran, until 15 March 1982, when he submitted the test results to Dr. Caughran and submitted to further examination. Judge Phillips dissented on the bases that the myelogram and other diagnostic procedures suggested by Dr. Caughran are beyond the scope of an examination and that the Commission's finding quoted above constitutes a finding that the plaintiff's refusal to undergo the tests was justified under the circumstances.

As part of the North Carolina Workers' Compensation Act, N.C.G.S. § 97-27(a) provides, *inter alia*, as follows:

After an injury, and so long as he claims compensation, the employee, if so requested by his employer or ordered by the Industrial Commission, shall, subject to the provisions of subsection (b), submit himself to examination, at reasonable times and places, by a duly qualified physician or surgeon designated and paid by the employer or the Industrial Commission. . . . If the employee refuses to submit himself to or in any way obstructs such examination requested by and provided for by the employer, . . . no compensation shall at any time be payable for the period of obstruction, unless in the opinion of the Industrial Commission the circumstances justify the refusal or obstruction.

Because we do not read the findings of fact of the Industrial Commission as a determination of whether the circumstances justified the plaintiff's refusal to submit to the procedures suggested

by Dr. Caughran, we reverse and remand to the Court of Appeals for further remand to the Industrial Commission for determination of whether the plaintiff's refusal to undergo the procedures was reasonable under the circumstances.

Reversed and remanded.